T.C. Memo. 1999-360


UNITED STATES TAX COURT


SANDRA L. McBRAYER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1580-98.                    Filed October 28, 1999.


Robert J. Gumser, for petitioner.

Thomas A. Dombrowski, for respondent.


MEMORANDUM OPINION


GOLDBERG, Special Trial Judge:  Respondent determined a deficiency in petitioner's 1994 Federal income tax in the amount of $3,240.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.

After concessions,[1] the issues for decision are: (1) Whether petitioner is entitled to deduct expenses in the amount of $550 incurred in the rental of formal wear for the 1994 tax year, and (2) whether petitioner is entitled to deduct $530 for luggage stolen in 1994.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in San Diego, California.

Petitioner, a teacher in San Diego, was named California State Teacher of the Year in 1993. In 1994, petitioner was named National Teacher of the Year for her work in educating homeless children.

After receiving the National Teacher of the Year award from the President of the United States, petitioner took a year-long paid sabbatical from her teaching job in San Diego in order to lecture on the importance of educating homeless children.

Petitioner reported $9,806 in gross receipts from her speaking engagements as a lecturer on Schedule C of her 1994 Federal income tax return. Petitioner deducted the following expenses totaling $15,762 on Schedule C:

---

[1] Petitioner concedes that she is not entitled to deduct Schedule C expenses in the amount of $1,110 for home maintenance and $7,671 of the amount deducted as "Uniform/Dry Clean/Rental".

| | | |
|---|---|---|
| Car and truck expenses | | $ 1,514 |
| Depreciation | | 573 |
| Utilities | | 1,714 |
| Other expenses: | | |
|     Uniform/dry cleaning/rental | $8,221 | |
|     Luggage destroyed traveling | 530 | |
|     maintenance of residence while | | |
|     out of town | 1,110 | |
|     Conferences | 2,100 | 11,961 |
| Total | | 15,762 |

In a notice of deficiency dated October 24, 1997, respondent disallowed $9,861 of the following Schedule C expenses: (1) Uniform/dry clean/rental--$8,221; (2) luggage destroyed while traveling--$530; and (3) maintenance of residence while out of town--$1,110.

Deductions are a matter of legislative grace, and a taxpayer seeking a deduction must establish her entitlement to the deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 162(a) allows a deduction for all the ordinary and necessary expenses paid or incurred in carrying on a trade or business. Section 262, however, denies a taxpayer a deduction for personal, living, or family expenses.

Rental Clothing Deductions

Petitioner contends that she rented formal clothing on various occasions while lecturing. Petitioner always inquired about the occasion beforehand in order to be appropriately dressed. Petitioner claimed deductions in the amount of $550 for

formal clothing rental expenses on Schedule C of her 1994 tax return.

The cost of clothing has generally been considered a nondeductible personal expense pursuant to section 262.  See Hynes v. Commissioner, 74 T.C. 1266, 1290 (1980).  Similarly, courts have denied deductions even when taxpayers have shown that the clothing would not have been purchased but for the employment.  See Kroll v. Commissioner, 49 T.C. 557, 566-567 (1968).

In Yeomans v. Commissioner, 30 T.C. 757, 767 (1958), we listed three criteria which must be met in order for clothing to be deductible as an ordinary and necessary business expense:  (1) The clothing is required or essential in the taxpayer's employment; (2) the clothing is not suitable for general or personal wear; and (3) the clothing is not so worn.  Additionally, a taxpayer is required to substantiate the deduction through the maintenance of books and records or other sufficient evidence in order to be entitled to a deduction under section 162(a).  See sec. 1.6001-1, Income Tax Regs.

In this case, petitioner could not recall specific events for which she rented the formal wear.  Petitioner proffered three receipts which she claimed substantiated her rental expenses.  When asked about the first two rental receipts, petitioner stated:  "I'm not sure of the first one, but the second one,

looking at the date, I believe that I was in Washington going to a White House event." The receipts contained no description of the merchandise which was either rented or purchased.[2] Petitioner was also unable to recall what type of formal wear the receipts represented. The third receipt proffered by petitioner was undated and did not include the name of the business.

Accordingly, we find that petitioner did not adequately substantiate her claimed expenses and does not qualify for a clothing deduction under section 162(a). Upon the basis of the record, we hold that petitioner is not entitled to deduct clothing rental expenses for the 1994 tax year.

Section 165(a) Deduction--Luggage

On her 1994 Federal income tax return, petitioner claimed a Schedule C expense deduction in the amount of $530 for "luggage destroyed [while] traveling".

At trial, petitioner testified that the luggage was not destroyed, but had been stolen at Reagan National Airport. Petitioner testified that she placed two pieces of luggage outside of a bathroom stall at Reagan National Airport in 1994 and that when she came out of the stall, the luggage was gone.

---

[2] One of these receipts, dated Apr. 15, 1994, listed the transaction as a sale.

Petitioner estimated that the approximate value of the lost luggage was $530.[3]

Section 165(a) allows a taxpayer to deduct losses sustained during the taxable year which were not otherwise compensated. In the case of an individual taxpayer, the section 165(a) deduction is limited to: (1) Losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit; and (3) losses arising from fire, storm, shipwreck, other casualty, or from theft. See sec. 165(c). The amount of the deduction for any loss cannot exceed the adjusted basis of the property, as provided in section 1011. See sec. 165(b). To be entitled to a deduction under section 165(a), a taxpayer is required to substantiate the deduction through the maintenance of books and records or other sufficient evidence. See sec. 1.6001-1, Income Tax Regs.

Petitioner provided the Court with three receipts: (1) A receipt for a green piece of luggage, model number 244, dated December 23, 1993, in the amount of $242.44; (2) a receipt for a green piece of luggage, model number 228, dated April 6, 1994, in the amount of $341.06; and (3) a receipt for a black leather garment bag, dated April 27, 1994, in the amount of $210.90.

---

[3] It is unclear from the record how petitioner calculated this deduction. It is apparently based on the initial cost of the luggage which petitioner claimed was stolen. Additionally, petitioner apparently did not claim a Schedule C deduction for the loss of the contents of the luggage.

Petitioner testified that the 1994 receipts represented expenses incurred to replace the two pieces of luggage apparently stolen at Reagan National Airport.

Petitioner initially claimed a Schedule C deduction in the amount of $530 for luggage that was destroyed while traveling. At trial, petitioner testified that the luggage had not been destroyed, but had been stolen.

It is well settled that we are not required to accept petitioner's self-serving testimony in the absence of corroborating evidence. See Niedringhaus v. Commissioner, 99 T.C. 202, 212 (1992).

Petitioner failed to submit corroborating evidence, such as a police report. Such evidence would have been helpful in establishing the items stolen and the date of the theft. Petitioner also failed to establish that her loss was uncompensated by insurance and what the fair market value of the luggage or her adjusted basis in the luggage would have been pursuant to section 165(b).

Upon the basis of the record, we find that petitioner has failed to establish that her luggage had been stolen, the amount of the loss, and that the loss was not compensated for by insurance. We therefore hold that petitioner is not entitled to deduct $530 pursuant to section 165(a). Respondent is sustained on this issue.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.